70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester HOWELL; Paul C. Kruger, Plaintiffs,
Jack R. Green, Plaintiff-Appellant,
v.
George W. WILSON, et al., Defendants-Appellees.
 No. 95-3241.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Jack R. Green appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Green and two other prisoners filed their civil rights complaint in the district court alleging that: (1) the law library at the Ross Correctional Institution is inadequate to provide inmates access to the courts; and (2) defendants interfered with the delivery of plaintiffs' legal mail. Plaintiffs named the defendant Ohio prison officials in their individual and official capacities and sought class action certification, declaratory and injunctive relief, and compensatory and punitive damages. The district court granted a motion to appoint counsel to represent plaintiffs and subsequently granted a motion by counsel for class certification limited to plaintiffs' prayer for declaratory and injunctive relief concerning the law library at the Ross Correctional Institution.
 
 
 3
 Thereafter, the parties entered into a proposed consent decree with respect to the class action claim, to which plaintiff and other class members objected. Following a fairness hearing, the magistrate judge recommended that the consent decree be approved. No objections were filed, and the district court adopted the magistrate judge's recommendation and approved the consent decree.
 
 
 4
 Meanwhile, defendants moved the court for summary judgment with respect to the original plaintiffs' individual claims. Plaintiff responded in opposition after he was ordered to do so by the district court. The district court granted summary judgment for defendants with respect to the remaining individual claims for money damages concerning the adequacy of the Ross Correctional Institution law library, but denied defendants' motion with respect to plaintiffs' claims regarding the alleged interference with their legal mail. Thereafter, defendants filed a supplemental motion for summary judgment with respect to the remaining claims, to which plaintiff again responded in opposition. The district court granted summary judgment for defendants.
 
 
 5
 On appeal, plaintiff requests the appointment of counsel and contends that: (1) his objection to the proposed consent decree was ignored; (2) appointed counsel acted in collusion with the defendants; and (3) he was denied the right to present evidence when subpoenas of expert witnesses were quashed without his knowledge. Upon consideration, the judgment of the district court is affirmed because plaintiff waived his claims regarding the class action consent decree, and summary judgment for defendants was otherwise appropriate.
 
 
 6
 First, plaintiff waived any claim related to the class action consent decree by his failure to object to the magistrate judge's report and recommendation. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Nonetheless, we note that plaintiff's claims regarding the consent decree lack merit. Finally, summary judgment for defendants was proper with respect to plaintiff's remaining claim because plaintiff did not establish a genuine issue of material fact remaining for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Plaintiff's contention on appeal that subpoenas were quashed appears to relate to an action plaintiff filed in the Ohio Court of Claims in 1987 concerning medical problems he experienced in 1985. While plaintiff attributes the dismissal of that lawsuit to the quashed subpoenas, the dismissal and plaintiff's unsuccessful appeal of the dismissal simply are not attributable to the defendants herein. Accordingly, summary judgment for defendants was appropriate with respect to this claim.
 
 
 7
 Therefore, plaintiff's request for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation